**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATTHEW HOANG HO, AKA Mat
Hoang Ho

Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA, SANTA ANA,

Respondent,

UNITED STATES OF AMERICA,

Real Party in Interest.

No. 24-1883

D.C. No.
8:23-cr-00051-JVS

MEMORANDUM[*]

Petition for Writ of Mandamus

Argued and Submitted June 5, 2024
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Matthew Hoang Ho, M.D. ("Dr. Ho") petitions for a writ of mandamus directing the district court to vacate its February 26, 2024 order disqualifying Dr. Ho's retained attorneys—Brown White & Osborn LLP ("BWO")—from representing him in a criminal case. We have jurisdiction under 28 U.S.C. § 1651(a), and we deny the petition.

Because the parties are familiar with the facts, we recount them here only to the extent necessary to provide context for our ruling. Dr. Ho is charged with the following offenses in connection with the submission of allegedly fraudulent loan applications for COVID-related relief programs: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2(a); and money laundering and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2(a) and (b). Along with Dr. Ho, the government has also charged Hanna Dinh ("Hanna") and her brother, Anthony Dinh ("Anthony"). Hanna has pleaded guilty to conspiracy to commit wire fraud, and the government has listed her as a witness whom it intends to call at Dr. Ho's trial. BWO represented Hanna earlier in this case.

In view of the government's intent to call Hanna as a trial witness, the district court disqualified BWO as Dr. Ho's counsel based on its prior representation of Hanna. The district court considered the likelihood that a conflict would actually arise

2

from Hanna's testifying and concluded that there was a "serious potential for conflict." The district court reasoned that the government might call her to testify about her knowledge of Dr. Ho's activities in the conspiracy, or, at the very least, the process the coconspirators used for their alleged fraud scheme; that this would create an unethical situation where BWO would face the choice either of exploiting its prior, privileged relationship with her or failing to defend Dr. Ho zealously for fear of misusing confidential information. The district court also found that neither the conflict of interest waivers that Dr. Ho had signed nor Dr. Ho's proposed solution of arranging for substitute counsel to cross-examine Hanna was sufficient to cure BWO's ethical dilemma.

Dr. Ho maintains that he is entitled to mandamus relief because the record shows that the government does not in fact intend to call Hanna as a witness at trial, and that prosecutors manufactured a conflict of interest so that Dr. Ho's counsel of choice would be disqualified, in violation of his Sixth Amendment right to counsel.

1. Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Because it is "one of the most potent weapons in the judicial arsenal," *id.* (internal quotation marks and citation omitted), mandamus will not issue unless the district court's decision involved a "clear abuse

of discretion or usurpation of judicial power," *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (internal quotation marks omitted). If the decision is merely "erroneous" or even reversible, it will not be corrected by mandamus. *See id.* at 382.

2. "We determine whether mandamus relief is appropriate in a particular case by reference to the guidelines set forth in *Bauman v. United States Dist[rict] Court*, 557 F.2d 650 (9th Cir. 1977)." *Christensen v. U.S. District Court*, 844 F.2d 694, 696–97 (9th Cir. 1988). "Analysis of whether to grant a writ usually begins with the third *Bauman* factor of 'clear error, because the absence of the third factor is dispositive.'" *In re Mersho*, 6 F.4th 891, 898 (9th Cir. 2021) (quoting *In re Boon Glob. Ltd.*, 923 F.3d 643, 649 (9th Cir. 2019)). Although Dr. Ho argues that ordinary error applies, we have rarely used that standard in mandamus cases and only when the case raises an "important issue of first impression," *see San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999), and this is not such a case, *see United States v. Stites*, 56 F.3d 1020, 1025 (9th Cir. 1995) (rejecting argument that the government was "bluff[ing]" when it expressed an intent to call a co-defendant as a witness, which would pose a potential conflict, because, "[a]s the case appeared to the court at the time of the disqualification hearing, [co-defendant] was a *probable* witness" (emphasis added)).

4

"The clear error standard is significantly deferential and is not met unless the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" *Cohen v. U.S. District Court*, 586 F.3d 703, 708 (9th Cir. 2009) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993)). If the district court's decision would be reviewable under an abuse of discretion standard on direct appeal, the Ninth Circuit's "review in mandamus proceedings is 'especially deferential,'" and the court "look[s] to see if the district court abused its discretion in a manner so obvious that the error is 'clear' to all." *In re Bundy*, 840 F.3d 1034, 1041 (9th Cir. 2016) (citations omitted).

3. Our analysis begins and ends with the third *Bauman* factor: the district court did not clearly err as a matter of law when it disqualified BWO based on a finding of a "serious potential for conflict" after the government listed Hanna as a witness whom it intends to call at Dr. Ho's criminal trial. Dr. Ho and Hanna are co-defendants in the same alleged criminal conspiracy; the government alleges that they both worked with Hanna's brother, Anthony, to submit fraudulent loan applications; and BWO previously represented Hanna concerning the same or substantially similar alleged criminal conduct. The district court did not clearly err when it found, based on these facts, that it is possible that BWO may have knowledge from Hanna that would be helpful to Dr. Ho, but cannot be used without violating BWO's duty of loyalty and

5

confidentiality to Hanna, and, if Hanna is called as a witness, that BWO's representation of Dr. Ho may "create an unethical situation where BWO would be faced with the choice of either exploiting its prior, privileged relationship with her or failing to defend Dr. Ho zealously for fear of misusing confidential information." District courts have "substantial" discretion to disqualify counsel "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat v. United States*, 486 U.S. 153, 163 (1988).

Because the district court did not clearly err in disqualifying BWO, we deny the petition for a writ of mandamus.[1]

**PETITION DENIED**.

---

[1]Dr. Ho's motion to file a document under seal and in camera, Dkt. 7, is granted. The clerk is directed to file volume three of Dr. Ho's exhibits under seal and in camera.